JTM USAO#2013R00621

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND 2014 JAN -9 P 3: 48

CLERK'S OFFICE

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO.** JKB-14-015 |
| | (Use of Interstate Facility to Promote and Facilitate Prostitution Business, 18 U.S.C. § 1952(a); Coercion and Enticement, 18 U.S.C. § 2422(a); Interstate Transportation for Prostitution, 18 U.S.C. § 2421(a); Conspiracy to Commit Sex Trafficking by Force, Fraud and Coercion, 18 U.S.C. § 1594(c); Sex Trafficking by Force, Fraud and Coercion, 18 U.S.C. § 1591; Aiding & Abetting, 18 U.S.C. § 2; Forfeiture, 18 U.S.C. §§ 2428, 1594(e)) |
| **v.** | |
| **TRAVIS LAMONT FOOTE,** *a/k/a* **"Cash", and** ▉▉▉▉▉▉▉ | |
| **Defendants.** | |

## INDICTMENT

### COUNT ONE

The Grand Jury for the District of Maryland charges that:

#### Introduction

At all times relevant to this Indictment:

1.  Defendant **TRAVIS LAMONT FOOTE,** *a/k/a* **"Cash"**, was born in 1982 and was a resident of Baltimore, Maryland.

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

3.  **FOOTE** and ▉▉▉▉ are pimps who used social media websites such as "Tagged", "Facebook", and "Backpage" to persuade and entice females to engage in commercial sex acts for their personal financial benefit. **FOOTE** and ▉▉▉▉ used coercion, force and threats of force to maintain control over the females. **FOOTE** and ▉▉▉▉ posted and

advertised commercial sex services on Backpage and used Tagged and Facebook to communicate regarding his prostitution business.

4.      In or about September 2012, defendant **FOOTE** persuaded, induced, and enticed a female (hereinafter referred to as Jane Doe 1) to travel from Florida to Maryland for the purpose of engaging in prostitution.  On or about September 25, 2012, defendant   **FOOTE** arranged for the transportation of Jane Doe 1 from Florida to Maryland with the intent that Jane Doe 1 engage in prostitution.

### The Charge

5.      Beginning at least in 2012 and continuing through May 6, 2013, in the District of Maryland, the Southern District of Florida and elsewhere, the defendants,

**TRAVIS LAMONT FOOTE,** *a/k/a* **"Cash",**

traveled in interstate and foreign commerce and used a facility in interstate and foreign commerce, namely the Internet and cellular telephones, with the intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity, that is, a business enterprise involving prostitution in violation of the laws of the State of Maryland, to include MD Code, Criminal Law, §§ 11-303, 11-304, and of the United States, and thereafter performed and attempted to perform an act to promote, manage, establish and carry on, and to facilitate the promotion, management, establishment and carrying on of such unlawful activity.

18 U.S.C. § 1952(a)
18 U.S.C. § 2

## COUNT TWO

The Grand Jury for the District of Maryland further charges that:

1.      The allegations set forth in Paragraphs 1 through 4 of Count One are incorporated by reference here.

2.      In or about September 2012, in the District of Maryland, the Southern District of Florida, and elsewhere, the defendant,

### TRAVIS LAMONT FOOTE, *a/k/a* "Cash",

did knowingly persuade, induce, entice, and coerce an individual, that is, Jane Doe 1, to travel in interstate commerce to engage in prostitution and in any sexual activity for which any person can be charged with a criminal offense.

18 U.S.C. § 2422(a)
18 U.S.C. § 2

## COUNT THREE

The Grand Jury for the District of Maryland further charges that:

1.     The allegations contained in Paragraphs 1 through 4 of Count One are incorporated here.

2.     On or about September 25, 2012, in the District of Maryland, the Southern District of Florida and elsewhere, the defendant,

### TRAVIS LAMONT FOOTE, *a/k/a* "Cash",

did knowingly and intentionally transport, and aid and abet the transportation of an individual, that is, Jane Doe 1, in interstate commerce with the intent that such individual engage in prostitution and in any sexual activity for which any person can be charged with a criminal offense.

18 U.S.C. § 2421
18 U.S.C. § 2

## COUNT FOUR

The Grand Jury for the District of Maryland further charges that:

1.     The allegations set forth in Paragraphs 1 through 4 of Count One are incorporated here.

2.     From in or about September 2012, continuing through on or about November 14, 2012, in the District of Maryland and elsewhere, the defendant,

### TRAVIS LAMONT FOOTE, *a/k/a* "Cash",

did knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, namely, Jane Doe 1, and did benefit financially and by receiving anything of value from participation in a venture engaged in such acts, knowing, and in reckless disregard of the fact, that means of force, threats of force, fraud and coercion as defined in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause Jane Doe 1 to engage in a commercial sex act.

18 U.S.C. § 1591
18 U.S.C. § 2

## COUNT FIVE

The Grand Jury for the District of Maryland further charges that:

1.     The allegations set forth in Paragraphs 1 through 3 of Count One are incorporated here.

2.     From in or about April 2013, continuing through on or about May 16, 2013, in the District of Maryland and elsewhere, the defendants,

**TRAVIS LAMONT FOOTE, *a/k/a* "Cash",**

conspired with one another and others known and unknown to the Grand Jury, to knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, namely, Jane Doe 2, Jane Doe 3, and Jane Doe 4, and did benefit financially and by receiving anything of value from participation in a venture engaged in such acts, knowing, and in reckless disregard of the fact, that means of force, threats of force, fraud and coercion as defined in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause Jane Doe 2, Jane Doe 3, and Jane Doe 4 to engage in a commercial sex act.

18 U.S.C. § 1594(c)

## COUNT SIX

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1 through 3 of Count One are incorporated here.

2. From in or about April 2013, continuing through on or about May 16, 2013, in the District of Maryland and elsewhere, the defendant,

### TRAVIS LAMONT FOOTE, *a/k/a* "Cash",

did knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, namely, Jane Doe 2, and did benefit financially and by receiving anything of value from participation in a venture engaged in such acts, knowing, and in reckless disregard of the fact, that means of force, threats of force, fraud and coercion as defined in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause Jane Doe 2 to engage in a commercial sex act.

18 U.S.C. § 1591
18 U.S.C. § 2

### FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further charges that:

1.      Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 2428, in the event of a conviction related to Counts Two and Three, and in accordance with Title 18, United States Code, Sections 1594(d) and (e), in the event of a conviction on Counts Four through Six of this Indictment; and

2.      As a result of the offenses set forth in Counts Two through Six of this Indictment, defendant, **TRAVIS LAMONT FOOTE, *a/k/a* "Cash"**, and as a result of the offenses set forth in Count Five of this Indictment,                                        shall forfeit to the United States of America:

      a.      Any property, real or personal, constituting, traceable, or derived from gross profits or other proceeds obtained, directly or indirectly, from the offense;

      b.      The defendant's interest in any property, real or personal, used or intended to be used to commit or to promote the commission of the offense.

3.      If any of the property described above as being subject to forfeiture pursuant to Title 18, United States Code, Section 2428, in the event of a conviction related to Counts Two and Three, and in accordance with Title 18, United States Code, Sections 1594(d) and (e), in the event of a conviction on Counts Four through Six of this Indictment, as a result of any act or omission of the defendant,

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third person;

      c.      has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property that cannot be subdivided

without difficulty;

the United States intends to seek forfeiture of any other property of the defendants up to the

value of the above forfeitable property.

18 U.S.C. § 2428
18 U.S.C. §§ 1594(d), (e)

Rod J. Rosenstein by (Jm)

Rod J. Rosenstein
United States Attorney

A TRUE BILL

Foreperson

Date: 1/9/14